ISAAC L. MORRISON *et al.*, Appellants, *v.* BENJAMIN CASSELL *et al.*, Appellees.

APPEAL FROM MORGAN.

A surety to whom all moneys advanced by him have been refunded, and who has been released from all liability on account of his suretyship, has no further claim either on the original debtor or on his assignee.

APPELLEES filed their bill in the Morgan Circuit Court, on the equity side thereof, against appellants, alleging that, on the 20th day of February, 1857, Frederick Truog and John Selby, who were partners under the firm of John Selby & Co., for the uses of said firm, borrowed of Murray McConnel $1,000, to secure which, with twelve per cent. interest at one year's date, they gave a note to said McConnel, signed with their individual names, and said appellees signed said note as sureties. That appellees, on the 5th day of June, 1860, satisfied and paid to McConnel said note by payment of the sum of $1,139.25; that McConnel receipted to appellees on said note for that sum—offer in the bill to produce note on the hearing; that Selby & Truog being insolvent in their partnership enterprise, on the 10th of February, 1860, executed a deed of assignment of all their partnership effects to Isaac L. Morrison, to secure the payment of their partnership liabilities; that there is attached to said deed of assignment a schedule of liabilities, specifying certain amounts opposite to each name, except the name of Murray McConnel. Charges that in behalf of said McConnel the aforesaid note, and also another note to him with Kirkman as security for $430, made February, 1859, was intended to be provided for as firm liabilities, but whether so or not, note signed by appellees was a firm liability—was so regarded by the assignee, who has declared a dividend of thirty per cent., but withholds the same on some fraudulent or mistaken suggestion made by said Selby, that this note was not a firm liability. Charges that John Selby and

Frederick Truog are insolvent as partners and individually. That if dividends declared and to be declared are not paid, appellees may be greatly wronged and damaged. Bill prays for process; that defendant Morrison answer on oath—oath of other defendants waived; that on hearing, said Morrison as assignee pay to *them* the thirty per cent. dividend declared—and also any other dividend that may be declared: and prays for injunction.

Defendants entered appearance, and ruled to answer in forty days, and case referred by consent of parties to William Thomas to act in lieu of the court.

July 31st, 1860, separate answer of Isaac L. Morrison filed. Admits partnership of Selby & Truog; does not know at what time firm commenced business; that said firm was dissolved, as he believes, December 31st, 1859; believes it is true that John Selby, Frederick Truog, and appellees, each signing individually, gave their note to Murray McConnel for the sum named in the bill; that consideration was, as he believes, $1,000, money loaned by McConnel, but whether John Selby and Frederick Truog borrowed said money as a firm or not, does not know; that so far as he is informed, this is a disputed point. Admits assignment to him, by Selby & Truog, February 10th, 1860, of their partnership effects, to pay firm liabilities; makes copy of assignment a part of his answer. Admits acceptance of said trust; that according to the terms of said assignment, respondent ascertained amount of indebtedness, and attached a schedule to said assignment. Note set up in the bill was not admitted by respondent, because Selby denied that it was a debt of said firm. Admits payment of dividend of thirty per cent. on debts set out in schedule; holds in his hands dividend on $1,120, to apply to this debt, if the court shall so order. Admits payment of dividend on note to McConnel for $430; but says both Selby & Truog agreed that said last note was a debt due from said firm; that the consideration of said note was received by said firm. Answer sworn to.

Deed of assignment, made part of said answer, provides generally that the assignee should take possession of effects of said concern and convert them into cash; shall ascertain amount of debts of said firm, schedule them, and pay in *pro rata* proportion, first paying cost. Schedule of debts attached to said deed of assignment.

Other defendants, except Murray McConnel and Frederick Truog, answer July 31st, 1860. Admit partnership alleged in the bill; that same was dissolved. Admit assignment of Selby & Truog to defendant, Morrison, and that the schedule of debts attached is correct; deny that the note set up in the bill was,

24

as to complainants and these respondents, a partnership liability; charge that money was loaned by McConnel to Truog, a part of which Truog used in making up his capital in said firm, and the balance used by him individually; that John Selby and complainants were sureties for said Truog. Respondents charge that complainants paid said note with funds furnished by Truog, if they paid it at all; that the debt has been paid by Truog. Deny that complainants have lost or will lose one cent by reason of said transaction; charge that, if the dividends on this debt are required to be paid, the funds thus absorbed would be taken for the sole use of said Truog, who is legally liable to pay all of said debts. Further answer, that on 14th January, 1860, and before said assignment, Truog and wife executed a mortgage to complainants on lot 70, in Jacksonville, to secure them against loss by reason of their having signed said note as his security. Insist that complainants, if this debt should be treated as a debt due from said firm, should be compelled first to resort to mortgage property; that complainants released of record said mortgage, June 29th, 1860; that the same was released because Truog had paid said debt. Makes certified copy of mortgage a part of answer. Said mortgage contains this clause: "that whereas the said Frederick Truog, together with the said Benjamin Cassell, John R. Jordan, and John Selby, executed their note to Murray McConnel for the sum of eleven hundred and twenty dollars, dated the —— day of ———, and whereas the said note was given for money borrowed by said Frederick Truog for his use and benefit, which note still remains unpaid."

August 28, 1860, William Thomas, as master in chancery, filed his report.

*David A. Smith* testified, that he loaned the money to complainants with which note to McConnel was paid; that subsequently the money was paid to him out of proceeds of draft by or in favor of defendant Truog; that Truog had mortgaged his individual property to secure the payment of money used in payment of this debt. Payment of note of McConnel was before bill was filed; the payment to Smith was after the bill was filed. June 29, 1860, complainant satisfied the mortgage of Truog to them.

*Horace E. May* testified, in substance, he heard a conversation between Selby and Truog, in which Truog insisted on the firm paying the McConnel debt, that McConnel wanted his money, and he, Truog, did not want the debt standing out against him. Selby replied that they could make fifty per cent. on the money, and were paying only twelve; that if they paid McConnel, they would have to borrow the money of some one else. Did not

deny that this debt was a debt of the firm. After the fire, and before assignment, Truog refused to join in assignment until this debt was provided for. Selby said all should be satisfactorily arranged.

*Edward L. Dawson* testified, that Truog told him, after the fire and before the assignment, that he had put into the firm $600, and $1,000 borrowed of M. McConnel, against Selby's capital.

*M. Mc Connel* testified, that Selby wrote to him at Washington before February 20, 1857, to borrow the money for which this note was given; had lost the letter; wrote to his agent in Illinois to let the money go, and $1,000 was loaned, and the note in question taken. Witness supposed it was loaned to the firm, as he had loaned the firm money before, and taken notes signed individually.

November 2, 1860, complainants filed general replication to answer of defendants.

On same day, defendants, Frederick Truog and Murray McConnel, filed answers in this case, neither admitting or denying allegations of the bill. Complainants moved the court for a decree on the report of Thomas; and defendants entered cross-motion to dismiss the bill, because the reference to Thomas in lieu of the court was a discontinuance, and because the report of the evidence shows that complainants are not entitled to any decree in this case. The court overruled cross-motion to dismiss, and rendered decree that said Morrison, assignee, pay $336 to the complainants, and also *pro rata* of any other dividend that might be declared; and that he pay cost of this suit out of funds in his hands as assignee.

Errors assigned: The court erred in overruling motion to dismiss the bill; and in rendering decree in favor of complainants.

I. L. AND C. M. MORRISON, for Appellants.

D. A. SMITH, for Appellees.

WALKER, J. The money was in the first place loaned by McConnel either to Truog or to the firm. If loaned for the use of Truog, then he was liable as principal debtor; if to the firm, then Truog and Selby were the principal debtors. Cassell and Jordan in either event were only sureties, but when they had borrowed the money of Smith, and paid the debt to McConnel, they became creditors of Truog or of the firm, and were as to them substituted to the rights of McConnel. When Truog paid that money to Smith, he thereby released and discharged Cassell and Jordan from all further liability, and terminated their

connection with the transaction. There is no doubt that Truog was a principal debtor, and whether as an individual, or as a member of the firm, could make no difference, as in either event, the sureties had a right to insist that he should protect them from loss. If they with Selby became his sureties, he discharged his duty to them by paying the debt, and if· it was a firm debt, he did no more; and when the debt was paid and the sureties discharged, they having paid nothing that has not been fully refunded, they can in no way have any claim against the firm or either of its members, and therefore have no right to participate in the disposition of the assets. As the debt has been discharged by one of the principal debtors, and as the sureties have paid nothing, and do not owe anything to McConnel, to Smith, or to any other person, on account of this transaction, they can have no legal or equitable right to claim anything, either from Truog, Selby or the firm, for the benefit of themselves or any other person.

The decree of the court below is reversed, and the cause remanded, with directions that the court enter a decree dismissing the bill.

*Decree reversed.*